WARDER, MITCHELL & CO. v. RIVERS ET AL.   (TWO CASES.)

1. **Appeal from Justice's Court:** NEGLECT TO PROSECUTE: NO DE-FENSE TO SUPPLEMENTARY ACTION TO COLLECT JUDGMENT. Where an appeal was taken from a judgment rendered by a justice of the peace, but for a period of four years no transcript was sent up, and the appeal was not prosecuted, *held* that the appeal could not be urged as a defense to an equitable proceeding to subject the debtor's interest in land to the payment of the judgment.

2. **Fraudulent Conveyance:** EVIDENCE ESTABLISHING. The evidence in this case considered, from which it appears that a son, whose insolvency was known to his mother, conveyed to her his lands, without any satisfactory consideration shown, who, in turn, conveyed to his wife for a meager and insufficient consideration; and *held* that the conveyances were properly set aside in favor of the son's judgment creditors.

*Appeal from Dallas District Court.*

WEDNESDAY, OCTOBER 8.

THESE two proceedings are in equity, and it. is sought thereby to subject certain personal and real property, the title to which is in J. A. Rivers, to the payment of judgments against F. B. Rivers. The actions were united, and tried in the court below as one, and a decree was entered for the plaintiffs. Defendants appeal.

*A. R. Smalley* and *M. H. Baugh*, for appellants.

*J. B. White* and *D. W. Woodin*, for appellees.

ROTHROCK, CH. J.—I. Both judgments were rendered by a justice of the peace. In one of the cases F. B. Rivers delivered to the justice an appeal bond. No transcript was sent up upon the appeal. The appeal bond was disregarded by plaintiffs, and an execution was issued, and these proceedings were instituted, and the defendants, by their answer and cross-bill, set up the claim that the judgment was appealed from. There is much controversy between the parties as to whether the appeal bond was approved by the justice of the peace. Evidence was introduced upon the issue thus made.

We think this issue was wholly immaterial. The judgment was rendered by the justice of the peace in November, 1877, and the appeal bond was filed within a few days thereafter. This action was commenced in 1881, and the answer setting up the claim that the judgment had been appealed from was not filed until March, 1882. During all this time no effort was made by Rivers to prosecute his alleged appeal. He should have compelled the filing of a transcript and prosecuted his appeal. It is very plain that he cannot try it in this proceeding, and in this collateral manner.

II. F. B. Rivers owned a very large amount of real estate, which was quite heavily encumbered by mortgages. About

the time one of these judgments was rendered against him he conveyed his land to his mother. Some two or three years afterwards, the mother conveyed the same to J. A. Rivers, who is the wife of F. B. Rivers. These conveyances are claimed by the plaintiffs to be fraudulent as to the creditors of F. B. Rivers, and the court below found that such claim was sustained by the evidence.

A careful examination of the record presented to us has led us to the conclusion that the decree of the district court is correct. We are asked by counsel for appellees, in case we sustain the decree, to point out upon what ground we do so.

It is enough to say that we are satisfied from the evidence that, when the conveyance was made, F. B. Rivers was insolvent, and his mother knew of such insolvency, and that the consideration which, it is claimed, she paid for the conveyance, is by no means satisfactorily shown; and when she reconveyed the land to J. A. Rivers she did so, to say the least, upon a very meager and insufficient consideration. We do not, in such cases, set out and discuss the evidence. We think the decree of the district court should be

AFFIRMED.